BRAMHAM (UNITED STATES v.). See Case No. 14,636.

BRAMHILL (TUCK v.). See Case No. 14,-213.

## Case No. 1,806.

### BRAMMER v. JONES et al.

[2 Bond, 100;[1] 3 Fish. Pat. Cas. 340.]

Circuit Court, S. D. Ohio. Feb. Term, 1867.

INJUNCTION—MOTION TO DISSOLVE—INSUFFICIENT NOTICE—APPEARANCE — RIGHTS ENFORCED AND WRONGS PREVENTED—PATENTS—INFRINGEMENT —INJUNCTION—PARTIES—LICENSEE.

1. Upon a motion to dissolve an injunction, informality in the service of the notice of the motion for the injunction is cured by the appearance of the defendant.

[See Thayer v. Wales, Case No. 13,871; Marsh v. Bennett, Id. 9,110; Bell v. Ohio Life & T. Co., Id. 1,260; Brown v. Pacific Mail S. S. Co., Id. 2,025.]

2. The object of all injunctions is to prevent anticipated mischief. They are not intended as a remedy for past evils or grievances.

3. If the defendant, at the time of the filing of the bill, has parted with all interest in the infringing machine, no injunction should be granted against him.

[Cited in Kane v. Huggins Cracker & Candy Co., 44 Fed. 288.]

4. A licensee may proceed, by bill in equity filed in his own name, to enjoin any party who has infringed his rights under the license.

In equity. This is a motion [by Josiah Brammer] to dissolve an injunction granted to restrain the defendants, [Warren W.] Jones and [John] Benedick, from infringing letters patent [No. 21,856] for "improvement in machines for cutting staves," granted to William Steele, October 19, 1858. On February 18, 1867, Steele, in consideration of four hundred dollars, "bargained" to complainant the exclusive right to use his patented stave-cutting machinery in Meigs county, Ohio, and Mason county, West Virginia. By the terms of the grant, Steele covenanted, upon the receipt of the consideration, which was to be paid at a future day, that he would make further conveyance to Brammer. The infringement charged was the use of a stave-cutting machine in Mason county,

West Virginia, by Jones and Benedick, but it appeared by the separate answer of Benedick, that he had sold his interest in the machine to his co-defendant on the day before the filing of the bill. The notice of motion for a preliminary injunction was served upon Benedick, but not upon Jones. No one appearing, the injunction was granted against both. Subsequently, both defendants appeared, filed separate answers, and moved to dissolve the injunction. [Motion granted as to defendant Benedick, but denied as to the defendant Jones.]

James Moore, for complainant.
King & Thompson, for defendants.

LEAVITT, District Judge. The complainant claims that he is entitled to the exclusive right of manufacturing and selling a machine for cutting staves. The patent, he alleged, had been assigned to him by William Steele, who was made one of the defendants; and the territory assigned included Meigs county, Ohio, and Mason county, West Virginia. The defendants, Jones and Benedick, are charged with having infringed upon this right by using the machine in Mason county. The bill asks for an account, and an injunction to restrain the defendants from the further use of the machine. Upon this application the court allowed a preliminary injunction. There was no appearance by the defendants, and no resistance made to the motion; and the court, under the supposition that the parties had been duly notified, almost as a matter of course, granted the injunction.

Jones and Benedick now come into court and move to dissolve the injunction. It appears from the papers that there has been some informality in regard to the service of the notice, but that informality is removed by the appearance of the defendants, and the fact that they have each filed their answers in the case. Under these circumstances, objection on account of informality, or even necessity of notice, is waived. The authorities are all to this effect. The defendants, in their answer, deny that the complainant, Brammer, has any assignment of the right to use this machine in the counties referred to. The defendant, Benedick, says that he has sold out and transferred his interest in the machine, which it is admitted the two were using, to his co-defendant, Jones, and before the filing of the bill. The answer is sworn to, and this averment of the sale will be taken for granted as true. The question then arises, whether if this defendant did sell out his interest in the machine prior to the filing of this bill, an injunction can be sustained as against him. The authorities referred to by counsel on this point do not meet the question. In this case the defendant, Benedick, had no interest in the patent; he was not in fact an infringer at the time the bill was filed, and there was nothing on

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

which the injunction could operate. There was no more propriety in making him a party than any other individual. The object of all injunctions is to prevent anticipated mischief. They are not intended as a remedy for past evils or grievances. If this defendant had no interest in this machine at the time of the filing of the bill, it can have no effect or operation as to him. Upon this ground the court is perfectly clear that the injunction against Benedick must be dissolved.

As to the other defendant, there is a question arising involving some difficulty, on the point of what the plaintiff calls an assignment of the right to use this machine by the patentee, Steele. Looking at that instrument, and giving it a fair construction, it does not appear to be an assignment of the machine, or of the right to use it. It is not an assignment which has yet taken effect; it is simply a contract to assign. The patentee assigns to the complainant the right to use this machine upon the condition that he shall pay four hundred dollars within one year from the date of the instrument of writing. It can, in no aspect, be regarded as an assignment until after the performance of that condition, and then the patentee contracts and obligates himself to make a full and perfect grant of the right. It is a license to Brammer to use the machine for one year, until the party makes his final conveyance of the right under the contract. Then the question arises, whether the mere licensee of the patentee, in case that right is infringed, can obtain an injunction. It would be competent, unquestionably, and perhaps more proper, that the patentee himself should have applied for an injunction. His name is used in this bill, but as a defendant, not as complainant. The authorities are very clear that a licensee may proceed, by a petition in equity, to enjoin any party who has actually infringed his right under the license. The court is of the opinion that, as a licensee, Brammer has the right to enjoin the infringement of his right to his patented machine, and particularly because neither Jones nor Benedick set up any right to the use of the machine. They, in fact, virtually admit, or the defendant, Jones, admits, that they have infringed upon the rights of the licensee. Under these circumstances, while the injunction must be dissolved as to Benedick, there is no reason apparent for dissolving it as to the other defendant, who is to this day in the use of the patented machine. The injunction will be allowed, and the complainant required to give bond, in the sum of one thousand dollars, to indemnify the defendant in the event that the right of the plaintiff shall not be sustained upon the final hearing.